Argued March 24; reversed April 21; rehearing denied May 19, 1936

# LIQUIDATORS *v.* BENEDICT ET AL.
### (56 P. (2d) 1090)

*Frank H. Reeves,* of Portland, for appellant.

*Abraham Asher,* of Portland (Reuben G. Lenske, of Portland, on the brief), for respondents.

RAND, J. On November 27, 1931, the three defendants named and two other persons executed and delivered to the Fidelity Reserve and Loan Company a certain instrument in writing, denominated a "collateral note", wherein and whereby they jointly and severally promised and agreed to pay to said company, one year after date, the sum of $564, with interest thereon after maturity at the rate of 8 per cent per annum.

To secure the payment of said note, E. L. Benedict and Ethel Wade Benedict, his wife, executed and delivered to said company on said day a chattel mortgage on an automobile and certain furniture described therein, which mortgage was duly recorded.

Thereafter the defendants made certain payments on said note, which reduced the amount due thereon to the sum of $132.50, the last payment being made on November 27, 1932, and, subsequent to the making of said payments, said company assigned and transferred the note and mortgage to the plaintiff. On July 20, 1933,

and while the defendants were in default in the payment of said note in said sum of $132.50 and interest thereon from the date of the last payment, the plaintiff, in accordance with the terms of the mortgage, took possession of the automobile ostensibly for the purpose of foreclosure and sale. Nine days thereafter and while the car was so in plaintiff's possession and unsold, the plaintiff filed a complaint in the district court for Multnomah county, alleging that no part of said note had been paid and, without referring in any way to said automobile, demanded judgment for the full amount for which the note had been given with interest thereon from the date of maturity of the note.

To this complaint, the defendant Benedicts filed a joint answer containing a general denial of all the allegations of the complaint except the corporate existence of the plaintiff, and alleging by way of a counterclaim the taking possession of the automobile and plaintiff's failure to sell the same, and alleging that, by reason thereof, the defendants had been damaged in the sum of $250, which they alleged to be the value of the automobile, and also that they were entitled to receive $750 as punitive damages.

The defendant F. D. McClintock separately answered, alleging that the note had been paid, that the transaction for which the note was given was usurious and, by way of counterclaim, alleged the same facts as were set up in the joint answer of the Benedicts.

To these answers the plaintiff replied, denying generally the allegations contained in both answers, denying that the automobile was worth more than the sum of $25, and alleging that none of the property mortgaged with the exception of the automobile had

ever been within the state of Oregon, and also alleging that, before taking possession of the car, Frank H. Reeves, attorney for plaintiff, informed the Benedicts that the $442 by them paid had been paid on account of some investments, that the same would be sold and, when sold, the amount received therefrom would be credited on their note.

There was no allegation in the reply of any facts which would entitle the plaintiff to have the payments made by the defendants not applied on the note or which would make the amount to be applied subject to any sale of any investment certificate.

After the cause had been put at issue a trial was had in the district court and, from the judgment there entered, the plaintiff appealed to the circuit court, where the case was again tried to a jury and a judgment entered, and plaintiff has again appealed.

The verdict rendered in the circuit court was in the following words and figures:

"We, the jury, duly impanelled and sworn to try the above entitled case find our verdict in favor of the plaintiff and against defendants, E. L. Benedict, Mrs. Ethel Wade Benedict and F. D. McClintock in the sum of $132.50 with interest thereon at 8% per annum from November 27, 1932, and for the further sum of $75.00, attorney's fees.

"We further find in favor of defendants, E. L. Benedict and Mrs. Ethel Wade Benedict against the plaintiff, on their counterclaim for conversion and assess these defendants' damages at the sum of $207.50, compensatory damages, and $2.50, punitive damages.

"It is our intention that a verdict and judgment shall be entered which shall take into account and reflect the above findings, and that the obligation of de-

fendant McClintock shall not exceed the difference between the obligation on the note as found in Paragraph 1 and the amount awarded as compensatory damages."

Based upon this verdict, the trial court entered a judgment against the plaintiff and W. E. Reeves, its surety, for $207.50 as compensatory damages, $250 as punitive damages and $33.35 for costs taxed in the district court, or a total sum of $490.85, and in the same judgment gave judgment in favor of the plaintiff and against the Benedicts for the sum of $132.50, together with interest thereon at the rate of 6 per cent per annum from November 27, 1932, amounting to the sum of $25, and for the further sum of $75 as attorney's fees, making a total judgment in favor of the plaintiff of $232.50, which sum the court directed should be set off against the sum adjudged to the Benedicts, leaving a judgment in favor of the Benedicts against the plaintiff in the sum of $258.35. The court then gave judgment to the defendant McClintock for his costs in both courts. This entirely disregarded the last clause of the verdict, which obviously intended that there should be a judgment for some amount in favor of plaintiff against the defendant McClintock.

■ There is no statute or rule of practice in this state which permits the rendition of such a verdict or the entry of such a judgment. The obligation sued on was joint and several and any payment or satisfaction made or obtained by any one defendant would apply as a credit to all the payors of the note regardless of by whom such payment was made or obtained. Nor is there any statute which authorizes the court in an action at law to award a judgment against any one of the defendants in the same action for a different amount, when all are equally liable on the obligation sued on.

The verdict was so indefinite and uncertain that it is now impossible to say just what was intended by the jury. The figures were all written in ink and, in the figures "250", the "50" was raised above the line and no decimal mark was used, thus: "2⁵⁰". The same is true as to the attorney's fees, there being no decimal mark between the "75" and two "00". The two "00" were raised above the line but not so far as the "50" was in writing the figures "250". This verdict is in the record here and it is impossible to say from an inspection of it whether the jury intended to award $2.50 or $250 as punitive damages. While it is hardly supposable that, in returning a verdict for punitive damages, a jury would find so small a sum as $2.50, yet, when the last clause in the verdict is considered, it is not reasonable to suppose that the amount intended was $250. In that clause the jury stated that it was their intention that the "obligation of defendant McClintock shall not exceed the difference between the obligations on the note as found in Paragraph 1 and the amount awarded as compensatory damages." The difference between the sum of the amounts awarded to plaintiff, figuring the interest at $25, as was done by the court in entering the judgment, or $232.50, and the amount of $207.50 awarded to the Benedicts as compensatory damages would leave the sum of $25, and, unless some sum was left for which judgment was to be given against McClintock, then the last clause in the verdict would be surplusage.

But, regardless of this, it is manifest that the defendants were not entitled to punitive damages, since the plaintiff was, by the very terms of the mortgage, authorized to take possession of the car and sell it within a reasonable time. See *Swank v. Elwert*, 55 Or.

487 (105 P. 901). And, if it failed to make the sale, the defendants' damages could not exceed the reasonable market value of the car at the time it was taken from their possession by the plaintiff, while if the car had been sold in good faith, then the defendants would be entitled to be credited on the note only in such sum as was realized from the sale less the reasonable expense of making the sale.

■ We do not find it necessary to determine at this time whether the conduct of the plaintiff as complained of by the defendants, respecting the automobile, amounted to a conversion or whether, if it did amount to a conversion, the facts would constitute a counterclaim, because if not sufficient for that purpose it would be a matter of defense which the defendants would have the right to allege in their answer.

■ By its verdict, the jury, in effect, determined that the reasonable value of the car was $207.50, the amount awarded as compensatory damages, and that the plaintiff was entitled to recover a judgment against the Benedicts in the sum of $232.50. Deducting therefrom the sum of $207.50, the sum of $25 is left, for which evidently the jury intended that a judgment should be awarded in favor of the plaintiff against the defendant McClintock.

The judgment appealed from will, therefore, be reversed and the cause will be remanded to the court below with directions to enter a judgment in favor of the plaintiff and against the three defendants named in the action in the sum of $25, but without costs to either party in this or the circuit court, and it is so ordered.

CAMPBELL, C. J., and BEAN and BAILEY, JJ., concur.